UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND HARRIS, JR.,

        Petitioner,        Case No. 1:13-cv-1079

v.        Honorable Janet T. Neff

CARMEN PALMER,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; see 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; see *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Raymond Harris, Jr., is a state prisoner incarcerated with the Michigan Department of Corrections at the Michigan Reformatory. In 2010, he pleaded guilty to several charges in two separate cases before the Wayne County Circuit Court that were consolidated for purposes of his appeal. The court accepted his pleas and convicted him of the following: second-degree murder, Mich. Comp. Laws § 750.317; two counts of armed robbery, Mich. Comp. Laws § 750.529; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; carjacking, Mich. Comp. Laws § 750.529a; and two counts possession of a firearm during the commission of a felony (felony-firearm) (second offense), Mich. Comp. Laws § 750.227b. On May 4, 2010, the court sentenced him as a third habitual offender to 27 to 50 years' imprisonment for each of the murder, armed robbery and carjacking convictions, two to five years' imprisonment for the felon-in-possession conviction, and five years' imprisonment for each of the felony-firearm convictions.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising the following two issues:

[I.] THE TRIAL COURT VIOLATED THE RULE OF *PEOPLE V. FLEMING AND CALVIN*, 428 MICH 408 (1987), BY PRECLUDING EARLY RELEASE.

[II.] [PETITIONER] WAS DEPRIVED OF HIS AMENDS. V AND XIV RIGHTS OF DUE PROCESS WHEN HE WAS NOT GRANTED HIS FULL BARGAIN.

(Ex. 3 to Pet., Def.'s Application for Leave to Appeal, docket #1-1, Page ID#17.)

In an unpublished opinion dated September 20, 2012, the court of appeals rejected Petitioner's arguments and affirmed his convictions and sentences. Petitioner subsequently sought

leave to appeal to the Michigan Supreme Court, which denied leave on March 4, 2013, because it was not persuaded that the questions presented should be reviewed by that court. *See People v. Harris*, No. 146150 (Mich.2013).

Petitioner filed the instant action on or about September 30, 2013, raising the same claims presented on appeal.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably

refuses to extend a principle to a context where it should apply. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 413 (2000)); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410.

In addition, the AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Under the foregoing standards, Petitioner is not entitled to relief.

### Claim I: Sentences preclude early release

Petitioner claims that his sentences preclude the possibility of early release, in violation of *People v. Fleming*, 410 N.W.2d 266 (Mich. 1987). The sentencing court allegedly stated that Petitioner would not be allowed to have early release. (*See* Ex. 3 to Pet., Def.'s Br. on Appeal, docket #1-1, Page ID#25.) In addition, Petitioner's criminal judgment in case no. 09-

029990-03-FC, which is attached to the petition,[1] states "NO EARLY RELEASE." (Ex. 3 to Pet., docket #1-1, Page ID#22.) In *Fleming*, the Michigan Supreme Court examined several state statutes that create a potential for a prisoner to obtain early release from his minimum sentence. *See Fleming*, 410 N.W.2d at 270-74. It held that a sentencing court may not attempt to circumvent these statutes by enhancing a sentence to account for the possibility for early release. *See id.* at 275. ("The possibility of earlier release by virtue of the OEPA and good-time credits or disciplinary credits may not be used to enhance a defendant's sentence.").

The Michigan Court of Appeals rejected Petitioner's argument, stating, in relevant part:

> Sentencing issues that concern questions of law are reviewed de novo on appeal. *People v Huston*, 489 Mich 451, 457; 802 NW2d 261 (2011). In *Fleming*, 428 Mich at 428, our Supreme Court held that "[t]he possibility of earlier release by virtue of the [Prison Overcrowding Emergency Powers Act, MCL 800.71 *et seq*.,] OEPA and good-time credits or disciplinary credits may not be used to enhance a defendant's sentence." The Court further indicated that sentencing judges are not permitted to nullify or circumvent the OEPA "by taking away good-time credits in advance." *Id.* at 427. As acknowledged in *Fleming*, the OEPA "was repealed by amendment in June, 1987." *Id.* at 419-420. Here, under Michigan's truth-in-sentencing laws, defendant is required to serve his minimum sentences prior to any possibility of parole; early release is currently not an available option. See MCL 791.233; MCL 791.233b; MCL 791.234; MCL 800.34.[1] Given that the crimes were committed by defendant in August 2009, the court's statement precluding early release was consistent with the law. It is abundantly evident that the trial court was merely communicating that which the law demanded, i.e., that defendant fully serve his minimum sentences. The judgment of sentence also contains a notation prohibiting early release, but, once again, such a restriction exists in this case by operation of law.
>
>> n.1 . . . The truth-in-sentencing statutory amendments preclude a prisoner from earning disciplinary credits that allowed for parole eligibility prior to the service of a minimum sentence, and instead provide that a prisoner serve his or her entire minimum sentence. In

---

[1]The judgment in Petitioner's other case is not attached to the petition.

> addition, prisoners may accumulate disciplinary time for institutional misconduct that is submitted to the parole board as part of the parole decision-making process. Truth-in-sentencing (TIS) took effect for enumerated assaultive offenses committed on or after 12-15-98, and will take effect for all offenses committed on or after 12-15-00.

*People v. Harris*, No. 303745, slip op. at 2 (Mich. Ct. App. Sept. 20, 2012) (citations in footnote omitted).

As the foregoing discussion indicates, the issue of whether Petitioner's sentence violated the rule in *Fleming* is purely a question of state law. As such, it is not cognizable in these proceedings. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner also claims that the *Fleming*-related error in his sentence violates his right to due process under the Constitution, but this claim is entirely dependent upon the state-law issue. Petitioner argued on appeal that the state court violated his right to due process because it violated state law. This argument merely attempts to assert a state-law claim as a violation of due process. The Court must defer to the state court's disposition of this issue. Thus, Claim I is not cognizable in these proceedings.

**Claim II: Sentence violates the plea agreement (due process)**

Next, Petitioner argues that in connection with his plea, he agreed to a sentence of 2 years for each of the felony-firearm charges, 2 to 5 years for the felon-in-possession charge, and 30 to 50 years for each of the murder, armed robbery, and carjacking charges. (*See* Def.'s Br. on

Appeal, docket #1-1, Page ID#24.) However, Petitioner did not agree to be sentenced as a third habitual offender, which increased the sentencing guidelines and removed the possibility that he would be sentenced within a lower range. He asserts that he was not made aware of the habitual offender enhancement until his sentencing hearing, by which time he could not withdraw his plea. Also, Petitioner did not agree to be sentenced without a possibility for early release. *See* Claim I, *supra.* Based on the foregoing, Petitioner claims that his sentence violates his right to due process because he did not receive the benefit of his plea bargain, citing *Santobello v. New York*, 404 U.S. 257 (1971).

In *Santobello*, the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. Where the prosecutor's performance under a plea bargain consists of an agreement to a specific sentence, the judge must either accept the agreed-upon sentence or allow withdrawal of the plea. *Id.* at 262-63. The Court has subsequently clarified this language, holding that *Santobello* does not apply to every rescinded government promise. Rather, it applies only to those promises that induce a defendant to plead guilty. *See Mabry v. Johnson*, 467 U.S. 504, 507-08 (1984).

The Michigan Court of Appeals rejected Petitioner's claim, finding no violation of the plea agreement. Regarding the sentencing court's statement that Petitioner would not be entitled to early release, the court of appeals relied on the same reasons it gave with respect to Petitioner's other claim, i.e., the sentencing court did not enhance Petitioner's agreed-upon sentence, it merely announced what was required under the law.

Regarding the habitual-offender component of the sentence, the appellate court noted that, even if it increased the guidelines range for Petitioner's sentence, that range was irrelevant because Petitioner agreed to specific sentences, and the sentences he received were consistent with that agreement, with a couple of exceptions that are not specifically challenged by Petitioner. For the felony-firearm convictions, for instance, Petitioner initially agreed to 2-year sentences, but the applicable statute mandated 5-year sentences because of Petitioner's prior record. *See Harris*, slip op. at 3 n.3. According to the court of appeals, the sentencing court noted the discrepancy between the plea agreement and the statutory mandate at an initial sentencing hearing, and then adjourned the hearing to give Petitioner an opportunity to withdraw his plea agreement. *Id.* Petitioner did not do so. Also, according to the court of appeals, by the time of Petitioner's final sentencing hearing, the plea agreement was changed to provide for 27 to 50 year terms instead of 30 to 50 year terms for the murder, armed robbery, and carjacking convictions. *Id.* Petitioner then received a sentence in accordance with those terms. In addition, at both sentencing hearings, Petitioner's counsel agreed that Petitioner should be sentenced as an habitual offender. *Id.* at 3 & n.3.

Petitioner does not specifically challenge any of the foregoing facts determined by the state court, which are presumed to be correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). While Petitioner claims that the sentencing court augmented his sentencing guidelines, he does not claim that the term of years he received was more than he bargained for. Furthermore, even if Petitioner did not realize that he would not be entitled to early release, he does not claim that the plea agreement specifically provided that he would be eligible for such release, or that he pleaded guilty with the expectation that he would be eligible for such release. Thus, his *Santobello* claim is without merit. He has not shown that the state court's decision was

an unreasonable determination of the facts or an unreasonable application of clearly established law.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   October 30, 2013                  /s/ Janet T. Neff
                                           Janet T. Neff
                                           United States District Judge